BALTIMORE & OHIO R. R. Co., a/c S. S. KRESGE Co. *v.* UNITED STATES

**No. 6151.**—Invoice dated Sonneberg, Germany, October 29, 1938.
Entered at Baltimore, Md., November 22, 1938.
Entry No. 1941.

(Decided May 14, 1945)

*Sharretts & Hillis (Edward P. Sharretts* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the respective parties hereto, subject to the approval of the court, as follows:

Whereas certain holy figures and other articles on the invoices covered by reappraisement No. 139170–A, entry No. 1941, and marked "xx" in red ink and the initials CHR of Examiner Charles H. Ritz in green ink on the recapitulation or summary sheet forming part of the invoice and official papers have been appraised at invoice unit value plus 10 per centum commission, plus holiday and vacation costs, plus cases and packing, it is agreed that the facts and circumstances relating to the said item of 10 per centum commission thus added by the appraiser are in all material respects the same as the facts and circumstances relating to the item of 10 per centum commission specified in the invoices relating to glass tree ornaments, novelties, and figures and covered by reappraisements 113038–A, 113040–A, and 113468–A of the F. W. Woolworth Co. and passed upon by the United States Court of Customs and Patent Appeals in *United States* v. *S. S. Kresge Co., B. Shackman & Co., Rice & Co. Corp., Strauss-Eckardt Co., Inc., F. W. Woolworth Co.,* 26 C. C. P. A. 349, 352, wherein the court held that "A purchasing commission, charged for the handling of merchandise is not a proper part of dutiable value."

It is further stipulated and agreed that on the date of exportation of the merchandise covered by reappraisement No. 139170–A, entry No. 1941, which was appraised at invoice unit value plus 10 per centum commission, plus holiday and

vacation costs, plus cases and packing, and marked "xx" in red ink and the initials CHR of Examiner Charles H. Ritz in green ink on the recapitulation or summary sheet, such and similar articles were freely offered for sale and sold to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States at the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced, and that there was no higher foreign value.

As to all other items, the appeal is abandoned.

It is further stipulated and agreed that the record in *United States* v. *S. S. Kresge Co. et al.*, 26 C. C. P. A. 349, 352, be incorporated herein and that the said appeal to reappraisement is submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise which was appraised at invoice unit value, plus 10 per centum commission, plus holiday and vacation costs, plus cases and packing, and marked "xx" in red ink and the initials CHR of Examiner Charles H. Ritz in green ink on the recapitulation or summary sheet, and that such values are the *per se* unit invoice prices, plus 3½ per centum social assessments for insurance, vacation, and holiday costs, plus packing, as invoiced.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.